# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| TRACY CHOUINARD, et al., | ) | CASE NO. 5:12cv1998 |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| AARON'S, INC., | ) | ORDER |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Plaintiffs Tracy and Ben Chouinard ("plaintiffs") originally filed this action in the Tuscarawas County Court of Common Pleas on June 29, 2012. (Doc. No. 1-1.) On August 3, 2012, defendant Aaron's Inc. ("defendant") removed to this Court pursuant to 28 U.S.C. § 1441(b) based on assertions that the case involves citizens of different states and that the amount in controversy exceeds $75,000.00. (Doc. No. 1.) On August 23, 2012, the parties, through their attorneys, filed a stipulation and agreed order to remand, seeking to have this matter remanded to the state court. (Doc. No. 8.) In support, plaintiffs stipulated that their combined damages do not exceed $75,000.00, exclusive of interest and costs. (*Id.* at 56-57.) For the reasons that follow, the Court construes the parties' agreed order to remand as a joint motion for remand and **GRANTS** the same. Accordingly, this case will be **REMANDED** to the state court.

## I.     BACKGROUND

The complaint alleges that plaintiff Tracy Chouinard suffered injuries after she was exposed to latex contained in three pieces of furniture purchased from defendant. (Doc. No. 1-1 at 8.) Plaintiffs assert claims for breach of warranty and intentional and/or negligent

misrepresentation and seek an unspecified amount of compensatory damages for loss of consortium, services and companionship, as well as $7,100.00 in medical expenses. (*Id.* at 9.) Altogether, plaintiffs ask for an award of damages in excess of $25,000, "together with attorney fees, punitive damages, costs, interest and other such relief as this Court deems just and proper." (*Id.*)

Defendant removed this matter alleging federal jurisdiction pursuant to 28 U.S.C. § 1332, "because there is the requisite diversity of citizenship between Plaintiffs and Defendant and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs." (Doc. No. 1 at 2.) At the time this action was filed, plaintiffs were Ohio residents (*see* Doc. No. 1-1 at 1), and defendant was a Georgia corporation with its principal place of business in Georgia. As outlined above, however, plaintiffs did not plead a specific amount in controversy.

Plaintiffs have since stipulated that the amount in controversy in this case does not exceed $75,000.00, exclusive of interest and costs, and that they will not seek to recover more than this amount. (Doc. No. 8 at 56-57.) Further, the parties stipulate that "this action shall be remanded to the Court of Common Pleas for Tuscarawas County, Ohio for further proceedings[.]" (Doc. No. 8 at 58.)

Parties cannot simply stipulate to remand. Rather, "the Court must examine the pleadings to determine whether remand is proper." *Welch v. Progressive Ins. Co.*, No. 6:07-163-DCR, 2007 WL 1695431, at *1 (E.D. Ky. June 8, 2007); *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte.*").

II.    **ANALYSIS**

A defendant may remove any civil case filed in state court to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). The defendant bears the burden of establishing that removal is proper. *Rogers v. Wal-Mart Stores, Inc.,* 230 F.3d 868, 871 (6th Cir. 2000). All doubts regarding the removal petition must be resolved against removal. *Queen ex rel. Province of Ont. v. City of Detroit,* 874 F.2d 332, 339 (6th Cir. 1989). A district court must remand a removed action when it appears that the court lacks subject matter jurisdiction. 28 U.S.C. 1447(c).

Federal jurisdiction in this case is based on diversity of citizenship. In order to invoke the diversity jurisdiction of this Court under 28 U.S.C. § 1332, not only must the citizenship of the parties be diverse, the amount in controversy, exclusive of interest and costs, must exceed $75,000.00. Where, as here, a plaintiff does not plead a specific amount in controversy, the removing party has the burden of showing, through a preponderance of the evidence, that the plaintiff's claims, at the time of removal, satisfy the jurisdictional amount. *Hayes v. Equitable Energy Res. Co.,* 266 F.3d 560, 572 (6th Cir. 2001).

Usually "events occurring subsequent to removal, which reduce the amount recoverable[,] whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *Welch*, 2007 WL 1695431 at *2 (citing *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938)). However, when a stipulation "provide[s] for the *first time* the upper limit on the damage amount claimed by the plaintiff," which does not "modify the amount in controversy" or "change . . . [the] information upon which [the defendant] relied in removing [the] action," *id.* (citing *Cole v. Great Atl. & Pac.*

3

*Tea Co.*, 728 F. supp. 1305, 1308 (E.D. Ky. 1990)(emphasis added)), courts within this circuit routinely hold that remand is required. *See Captain v. Wal-Mart Stores East, Inc.*, No. 10-501-HJW-JGW, 2010 WL 4875702, *1 (S.D. Ohio Oct. 7, 2010) (collecting cases); *see also*, *Welch*, *supra*; *Weiland v. Chipotle Mexican Grill, Inc.*, No. 1:11cv2408, ECF # 10 (N.D. Ohio Dec. 8, 2011); *compare Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001) (affirming denial of remand where plaintiff "expressly refused to stipulate to a damages amount falling under the amount in controversy requirement.")

Here, although plaintiffs' original demand was unclear (and did not provide a clear basis for defendant to meet its burden of establishing the jurisdictionally required amount in controversy), plaintiffs have now stipulated that their damages claim does not exceed $75,000.00, exclusive of interest and costs. Accordingly, remand is appropriate.

Finally, it should be noted that since this Court has adopted plaintiffs' stipulation as to their maximum recoverable damages, plaintiffs' stipulation "binds them to a recovery of no more than this figure in state court." *Welch*, 2007 WL 1695431 at *3 (citing *Sanford & Adapt Inc. v. Gardenour*, 225 F.3d 659, (Table), 2000 WL 1033025, at *3 (6th Cir. July 7, 2000)). "Pursuant to the doctrine of judicial estoppel, a litigant cannot successfully argue a position in one court and then take a contrary position in another court." *Cleveland Hous. Renewal Project, Inc. v. Wells Fargo Bank, N.A.*, 188 Ohio App. 3d 36, 46 (Ohio Ct. App. 2010). Thus, principles of judicial estoppel prevent plaintiffs from later asserting that their damages are actually greater than $75,000.00.

## III.     CONCLUSION

Based upon the foregoing discussion, the parties' stipulation and agreed order to remand (Doc. No. 8) is construed as a joint motion to remand and said motion is **GRANTED**, and this matter is **REMANDED** to the Tuscarawas County Court of Common Pleas.

**IT IS SO ORDERED**.

Dated: August 28, 2012

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**